Paul v Paul (2024 NY Slip Op 51748(U))

[*1]

Paul v Paul

2024 NY Slip Op 51748(U)

Decided on December 23, 2024

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2024
Civil Court of the City of New York, Queens County

Cheryl Paul, Petitioner(s)

against
Marlies Paul, "John" "Doe", "Jane" "Doe", Respondent(s)

Index No. LT-304626-24/QU

Enedina Pilar Sanchez, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Order to show Cause/ Notice of Motion and
Affidavits /Affirmations annexed 1
Cross Motion/Answering Affidavits/Affirmations 2, 3
NYSCEF Doc. No. 1-16
Procedural History
This holdover proceeding is predicated upon a 90-day termination notice. The petition and notice of petition were filed on March 19, 2024. The Affidavit of Service indicates that the notice of petition and petition were delivered by affixing the papers to the door on May 16, 2024 and mailing on May 17, 2024.
Both sides appear by counsel. Respondent filed a Notice of Motion to dismiss, and Petitioner filed a Notice of Cross-Motion to amend the petition.
The Notice of Motion argues dismissal upon Petitioner's failure to use the proper notice of petition pursuant to 22 NYCRR §208.42(b); a misdescription of the subject premises as required by RPAPL §741(3); and upon retaliation pursuant to RPL 233-b. Respondent also seeks leave to file a proposed amended Answer and for an award of fees.
The Notice of Cross-Motion argues for an order pursuant to CPLR 3025 amending the petition to add the language in compliance with the New York State Good Cause Eviction Law and to amend the petition to change the address.
Discussion and Legal Conclusion
Pursuant to 22 NYCRR §208.42(b), the chief administrator of the courts shall promulgate, and post on the Unified Court System website, a form notice of petition for mandatory use in eviction proceedings involving residential property under Article 7 of the Real [*2]Property Actions and Proceedings Law (other than in proceedings brought on the ground that the respondent has defaulted in the payment of rent).
Administrative Order 163 of 2019 requires that the notice of petition include information about the right to postpone the court date and a list of available resources including where to seek assistance on legal help, if you do not speak English or deaf or hard of hearing to tell the Clerk or call a number contained in the notice, if you need a special accommodation (ADA help) how to reach the court or tell the Clerk, language help, if you need financial help, help at the courthouse and online, indicating the Housing Court's website.
Upon consideration of the arguments presented and the papers filed, dismissal is required notwithstanding the Notice of Cross-Motion seeking to amend the pleading. The amendment to the pleading, which leave to amend shall be freely granted, does not address the deficiency in the notice of petition. The notice of petition is not subject to being amended. See, M&S Queens Realty LLC v. London, 79 Misc 3d 788 [Civ Ct, Queens Co 2023]; and Moore v. Hammond, 2024 NY Misc. LEXIS 22386 [Civ Ct, Kings Co. 2024]. ("[A] substantive error or omission in a Notice of Petition, as occurred here, is akin to a defective predicate notice, as it provides important information to the respondent in advance of the first court date and is a part and parcel of commencement itself." M & S Queens Realty LLC v London, supra).
A new form for the notice of petition in holdover proceedings was promulgated under Uniform Civil Rules for New York City Civil Court (22 NYCRR) § 208.42 (b) and (c) pursuant to Administrative Order No. 163 dated August 7, 2019, issued by the Honorable Lawrence K. Marks, Chief Administrative Judge of the State of New York (AO/163/19). As part of Administrative Order No. 163, the Chief Administrative Judge directed that "[u]se of these forms shall be optional up to and including September 30, 2019, and mandatory thereafter," Marshall v. Simmons, 2020 NY Slip Op 20249, 69 Misc 3d at 994 at 997 [Civ Ct, Kings Co. 2020]
Accordingly, Respondent's motion seq. no. 1 is granted, and the proceeding is dismissed without prejudice. Petitioner's cross-motion seq. no. 2 is denied as moot.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: December 23, 2024
Queens, New York
SO ORDERED,
HON. ENEDINA PILAR SANCHEZ
JHC